## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF DELAWARE

DANIEL MILLER,

             Plaintiff,

       v.

ARAMARK HEALTHCARE SUPPORT
SERVICES, INC., *et al.*,

             Defendants.

Civil Action No.   0 6 - 5 3 4   _____

2006 AUG 30   PM 4: 21

FILED U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE:**

**PLEASE TAKE NOTICE** that, pursuant to the provisions of 28 U.S.C. §§ 1331,

1441, and 1446, Defendants ARAMARK Healthcare Support Services, Inc., ARAMARK

Clinical Technology Services, Inc., and ARAMARK Management Services Limited

Partnership, (collectively, "Defendants") give notice of removal of the above-captioned

action to the United States District Court for the District of Delaware from Superior

Court of the State of Delaware in and for Kent County.  In support of its Notice of

Removal, Defendants represent as follows:

        1.     On or about August 2, 2006, Plaintiff Daniel Miller ("Plaintiff")

commenced an action against Defendants, entitled "Daniel Miller v. ARAMARK

Healthcare Support Services, Inc. et al.," Civil Action No. 06C-07-046 (JTV), in the

Superior Court of the State of Delaware in and for Kent County.

2.      On or about August 10, 2006, copies of the Summons and Complaint in said action were served on Defendants. No other proceedings have been held in this action, and the Summons and Complaint constitute all processes and pleadings served upon Defendants in this action. A copy of the Summons and Complaint are attached hereto as Exhibit A.

3.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it was filed within thirty (30) days of the receipt of the Notice to Defend and Complaint by Defendants.

4.      Plaintiff's Complaint purports to assert claims under the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. (Complaint ¶¶ 30-35).

5.      Plaintiff also alleges in the Complaint that he filed a federal charge of discrimination on the basis of age and disability with the Equal Employment Opportunity Commission ("EEOC"). (Complaint ¶ 8). Plaintiff further alleges that he received a Notice of Right to Sue for that charge from the EEOC. (Complaint ¶ 9). Therefore, Plaintiff is purportedly also bringing claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

6.      Thus, Plaintiff's action arises under the "laws . . . of the United States" over which this District Court has original jurisdiction. 28 U.S.C. § 1331. Accordingly, this action is removable to this Court under 28 U.S.C. § 1441.

7.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to counsel for Plaintiff, and a copy of the Notice of

Removal will be filed immediately with the Superior Court of the State of Delaware in and for Kent County.

        **WHEREFORE,** Defendants respectfully request that the above referenced action be removed from the Superior Court of the State of Delaware in and for Kent County to the United States District Court for the District of Delaware.


Dated: August 30, 2006           Respectfully submitted,


           Michael P. Kelly (D.E. Bar I.D. 2295)
           Andrew S. Dupre( D.E. Bar I.D. 4621)
           MCCARTER & ENGLISH, LLP
           Citizens Bank Building
           919 N. Market Street, 18th Floor
           Wilmington, DE 19801
           Phone:  302.984.6301
           Fax:  302.984.2493

           Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, Michael P. Kelly, hereby certify that the foregoing Notice of Removal was served via regular mail, postage prepaid on this 30th day of August, 2006 upon the following:

William D. Fletcher, Jr.
SCHMITTINGER & RODRIGUEZ, P.A.
414 South State Street
P.O. Box 497
Dover, DE 19901

Attorneys for Plaintiff


MICHAEL P. KELLY

# EXHIBIT A

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
08/10/2006
Log Number 511384702

**TO:**  Noni Boddie, Office Manager
ARAMARK Corporation
1101 Market Street, ARAMARK Tower
Philadelphia, PA, 19107-2988

**RE:**  **Process Served in Delaware**

**FOR:**  ARAMARK Clinical Technology Services, Inc. (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Daniel Miller, Pltf. vs. Aramark Healthcare Support Services, Inc. et al. including Aramark Clinical Technology Services Inc., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Information Statement, Complaint, Jury Demand |
| **COURT/AGENCY:** | Kent County Superior Court, DE Case # 06C-07-046 |
| **NATURE OF ACTION:** | Employee Litigation - Harassment - Wrongfully discharged on April 15, 2005 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/10/2006 at 10:40 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days |
| **ATTORNEY(S) / SENDER(S):** | William D. Fletcher, Jr. Schmittinger & Rodriguez, P.A. 414 S. State Street P.O. Box 497 Dover, DE, 19901 302-674-0140 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790030043140 |
| **SIGNED:** | The Corporation Trust Company |
| **PER:** | Scott LaScala |
| **ADDRESS:** | 1209 Orange Street Wilmington, DE, 19801 |
| **TELEPHONE:** | 302-658-7581 |

Page 1 of 1 / JH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

DANIEL MILLER,                          *
                                        *
                                        *
            Plaintiff,                  *
                                        *        C.A. No.
                                        *
v.                                      *
                                        *
ARAMARK HEALTHCARE SUPPORT,             *
SERVICES, INC., a domestic              *
corporation, and                       *        $06C - 07 - 044 (JTV)$
ARAMARK CLINICAL                        *
TECHNOLOGY SERVICES, INC.,              *        SUMMONS
a domestic corporation, and            *
ARAMARK MANAGEMENT SERVICES             *
LIMITED PARTNERSHIP,                    *
                                        *
                                        *
            Defendants.                 *
                                        *

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF NEW CASTLE COUNTY**
**YOU ARE COMMANDED:**

    To summon the above named Defendant, ARAMARK HEALTHCARE SUPPORT

SERVICES, INC., so that within 20 days after service hereof upon Defendant, exclusive of the

day of service, Defendant shall serve upon William D. Fletcher, Jr., Esquire, Plaintiff's attorney,

whose address is Schmittinger and Rodriguez, P.A., 414 S. State Street, Dover, DE 19901, an

answer to the Complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

    To serve upon Defendant, a copy hereof and of the Complaint (and of the affidavit of

demand if any has been filed by Plaintiff).

Dated: ____8/2/06____

                                     Lisa M. Bowman
                                       Prothonotary

                                       Per Deputy

**TO THE ABOVE NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an Answer to the Complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the Complaint (or in the affidavit of demand, if any).

Lisa M. Lowman
Prothonotary

Per Deputy

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

DANIEL MILLER,                        *
                                      *
                                      *
            Plaintiff,                *
                                      *      C.A. No.
                                      *
v.                                    *
                                      *
ARAMARK HEALTHCARE SUPPORT            *
SERVICES, INC., a domestic            *
corporation, and                     *
ARAMARK CLINICAL                     *      **SUMMONS**
TECHNOLOGY SERVICES, INC.,           *
a domestic corporation, and          *
ARAMARK MANAGEMENT SERVICES          *
LIMITED PARTNERSHIP,                 *
                                      *
                                      *
            Defendants.               *
                                      *

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF NEW CASTLE COUNTY**
**YOU ARE COMMANDED:**

To summon the above named Defendant, ARAMARK CLINICAL TECHNOLOGY

SERVICES, INC., so that within 20 days after service hereof upon Defendant, exclusive of the

day of service, Defendant shall serve upon William D. Fletcher, Jr., Esquire, Plaintiff's attorney,

whose address is Schmittinger and Rodriguez, P.A., 414 S. State Street, Dover, DE 19901, an

answer to the Complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

To serve upon Defendant, a copy hereof and of the Complaint (and of the affidavit of

demand if any has been filed by Plaintiff).

Dated:_____          _____Lisa M. Lowman_____
                                                 Prothonotary

                                        _____
                                                 Per Deputy

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

DANIEL MILLER,                          *
                                        *
                                        *
            Plaintiff,                  *
                                        *       C.A. No.
                                        *
v.                                      *
                                        *
ARAMARK HEALTHCARE SUPPORT              *
SERVICES, INC., a domestic              *
corporation, and                        *       **SUMMONS**
ARAMARK CLINICAL                        *
TECHNOLOGY SERVICES, INC.,              *
a domestic corporation, and             *
ARAMARK MANAGEMENT SERVICES             *
LIMITED PARTNERSHIP,                    *
                                        *
                                        *
            Defendants.                 *
                                        *

THE STATE OF DELAWARE,
TO THE SHERIFF OF NEW CASTLE COUNTY
YOU ARE COMMANDED:

        To summon the above named Defendant, ARAMARK MANAGEMENT SERVICES

LIMITED PARTNERSHIP, so that within 20 days after service hereof upon Defendant,

exclusive of the day of service, Defendant shall serve upon William D. Fletcher, Jr., Esquire,

Plaintiff's attorney, whose address is Schmittinger and Rodriguez, P.A., 414 S. State Street,

Dover, DE 19901, an answer to the Complaint (and, if an affidavit of demand has been filed, an

affidavit of defense).

        To serve upon Defendant, a copy hereof and of the Complaint (and of the affidavit of

demand if any has been filed by Plaintiff).

Dated:_____          _____Lisa M. Lowman_____
                                                   Prothonotary


                                        _____
                                                   Per Deputy

**TO THE ABOVE NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an Answer to the Complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the Complaint (or in the affidavit of demand, if any).

Lisa M. Lowman
Prothonotary

Per Deputy

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

DANIEL MILLER,                              *
                                            *
                                            *
            Plaintiff,                      *
                                            *          C.A. No.
                                            *
v.                                          *
                                            *
ARAMARK HEALTHCARE SUPPORT,                 *
SERVICES, INC., a domestic                  *
corporation, and                           *
ARAMARK CLINICAL                            *          **SUMMONS**
TECHNOLOGY SERVICES, INC.,                  *
a domestic corporation, and                 *
ARAMARK MANAGEMENT SERVICES                 *
LIMITED PARTNERSHIP,                        *
                                            *
                                            *
            Defendants.                     *
                                            *

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF NEW CASTLE COUNTY**
**YOU ARE COMMANDED:**

To summon the above named Defendant, ARAMARK HEALTHCARE SUPPORT
SERVICES, INC., so that within 20 days after service hereof upon Defendant, exclusive of the
day of service, Defendant shall serve upon William D. Fletcher, Jr., Esquire, Plaintiff's attorney,
whose address is Schmittinger and Rodriguez, P.A., 414 S. State Street, Dover, DE 19901, an
answer to the Complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

To serve upon Defendant, a copy hereof and of the Complaint (and of the affidavit of
demand if any has been filed by Plaintiff).

Dated:_____              _____Lisa M. Lowman_____
                                                 Prothonotary

                                         _____
                                                  Per Deputy

TO THE ABOVE NAMED DEFENDANT:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an Answer to the Complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the Complaint (or in the affidavit of demand, if any).

Lisa M. Lowman
Prothonotary

Per Deputy

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY:   N   (K)   S          CIVIL ACTION NUMBER: ⟨ ⟩𝒶C-07-0𝒶46⟩⟩⎵

CIVIL CASE CODE: __OTHR__          CIVIL CASE TYPE: __Other__
                                   (SEE REVERSE SIDE FOR CODE AND TYPE)

| CAPTION:<br><br>DANIEL MILLER<br><br><br><br><br>                                                        Plaintiff, | NAME AND STATUS OF PARTY FILING DOCUMENT:<br><br>Daniel Miller, Plaintiff |
|---|---|
| v.<br>ARAMARK HEALTHCARE SUPPORT,<br>SERVICES, INC., a domestic corporation<br>and, ARAMARK CLINICAL TECHNOLOGY<br>SERVICES, INC., a domestic corporation,<br>and ARAMARK MANAGEMENT SERVICES<br>LIMITED PARTNERSHIP,<br><br>                                                        Defendants. | DOCUMENT TYPE:  (E.G., COMPLAINT; ANSWER<br>  WITH COUNTERCLAIM)<br><br>Complaint<br><br>Non-Arbitration ___<br>(Certificate of Value may be required)<br><br>Arbitration _X_ Mediation ___ Neutral Assessment ___<br>DEFENDANT (CIRCLE ONE)   **ACCEPT**   REJECT<br>JURY DEMAND  YES _X_   NO ___<br>TRACK ASSIGNMENT REQUESTED (CIRCLE ONE)<br>   EXPEDITED   (STANDARD)   COMPLEX |
| ATTORNEY NAME(S):<br>William D. Fletcher, Jr., Esq.<br>ATTORNEY ID (S):       362<br>FIRM NAME:<br>  SCHMITTINGER & RODRIGUEZ, P.A.<br><br>ADDRESS:<br>  414 SOUTH STATE STREET<br>  P.O. BOX 497<br>  DOVER, DE 19903-0497 | IDENTIFY ANY RELATED CASES NOW PENDING IN THE<br>SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER<br>INCLUDING JUDGE'S INITIALS<br><br><br><br>EXPLAIN THE RELATIONSHIP(S): |
| TELEPHONE NUMBER:<br>  302-674-0140<br>FAX NUMBER:<br>  302-674-1830<br>E-MAIL ADDRESS: | OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN
THIS MATTER FOR SERVICES UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED.  THE FAILURE
TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL
OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

DANIEL MILLER,                       *
                                     *
                                     *
        Plaintiff,                   *
                                     *        C.A. No.
                                     *
v.                                   *
                                     *        ARBITRATION CASE
ARAMARK HEALTHCARE SUPPORT           *
SERVICES, INC., a domestic           *
corporation, and                     *
ARAMARK CLINICAL                     *
TECHNOLOGY SERVICES, INC.,           *
a domestic corporation, and          *
ARAMARK MANAGEMENT SERVICES          *
LIMITED PARTNERSHIP,                 *
                                     *        TRIAL BY JURY DEMANDED
                                     *
        Defendants.                  *

## COMPLAINT

1.    Plaintiff, Dan Miller, (hereinafter "Plaintiff"), is a resident of the State of Delaware, residing at 4800 Deep Grass Lane, Houston, Delaware, 19954.

2.    Defendant Aramark Healthcare Support Services, Inc. is a domestic corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

3.    Defendant Aramark Clinical Technology Services, Inc. is a domestic corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

4.    Defendant Aramark Management Services Limited Partnership is a domestic limited partnership whose registered agent for service of process is The Corporation Trust Company,

least 1,250 hours of service during the previous 12-month period, prior to his exercise of his rights under the Act. Plaintiff began his employment with Defendants as a Senior Biomedical Equipment Technician in October 2002.

13. At all times relevant to this Complaint, Plaintiff was supervised by Front Line Manager Jonathan Hill (hereinafter "Hill") and Regional Manager Tom Crothbertson. At all times relevant to this Complaint, Hill and Crothbertson were acting as the agents, servants, and/or employees of Defendants, and as such, the Defendants are liable for their actions, as set forth herein, under the principles of agency, the doctrine of respondeat superior, and the corporate ratification of their actions by Defendants.

14. Prior to his discharge on April 15, 2005, Plaintiff was employed by Defendants as a Senior Biomedical Equipment Technician. Plaintiff was employed in 1993 to work as a Senior Biomedical Equipment Technician by Milford Memorial Hospital. Plaintiff was later promoted to supervisor. When Milford Memorial Hospital later merged with Kent General Hospital, Plaintiff was employed by the Bayhealth Medical Center as a biomedical tech in July 1997.

15. The Bayhealth Biomedical Department was later integrated into a third party outside organization called Premier in September 1998. Upon information and belief, Premier sold its Clinical Engineering Division, of which Plaintiff was a part, to Defendant Aramark Management Services Limited Partnership.

16. Plaintiff remained assigned to Milford Memorial Hospital

Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

5. Defendants are employers within the State of Delaware and within the jurisdictional coverage of 19 Delaware Code §710 et seq.

6. Jurisdiction is conferred on this Court by 19 Del. C. § 715 and 29 U.S.C. § 2617.

7. Plaintiff brings this action to redress the wrongs done to him by Defendants' discrimination against him on the basis of his age, disability or "serious health condition" race and sex, and to redress the wrongs done to him by Defendants' slander perpetrated against him.

8. On or about July 25, 2005, Plaintiff timely submitted a Complaint of discrimination on the basis of age and disability with the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

9. Plaintiff has received a Notice of Right to Sue for the above-referenced charge from the DDOL and EEOC.

10. Plaintiff has timely filed this Complaint within ninety (90) days of his receipt of the Notice of Right to Sue.

11. Plaintiff, at all times relevant to this Complaint, was an "eligible employee" as that term is defined by 19 Del. C. § 715 et seq.

12. Plaintiff, at all times relevant to this Complaint, was an "eligible employee" as that term is defined by the Family and Medical Leave Act ("the Act"), 29 U.S.C. § 2611(2)(A), in that he had been employed by Defendant for at least 12 months, and for at

under the employ of Defendants from October 2002 until April 15, 2005 when Defendants terminated Plaintiff's employment. Plaintiff's official title as an employee of Defendants was as a Senior Biomedical Equipment Technician, Level III.

17. At all times relevant to this Complaint, Plaintiff was qualified for his job position and, other than the time off from work he required due to his cancer surgery and rehabilitation treatments, more than satisfactorily performed all his work requirements.

18. During his employment with Defendants, Plaintiff consistently received favorable evaluations.

19. In January, 2004, Plaintiff was diagnosed with cancer. Plaintiff was forced to take medical leave in order to undergo surgery on or about August 6, 2004, to remove part of his tongue and jaw and replace part of his jaw with a portion of a bone from his leg. Following his surgery for cancer, Plaintiff was forced to undergo a second surgery on his leg because the donor site had become infected.

20. Plaintiff underwent a recovery period until mid-December, 2004, at which time Plaintiff returned to work with Defendants. During this time, Plaintiff exercised his rights under the Act to take time off work.

21. Before taking his medical leave for his cancer surgery, Plaintiff had not received any disciplinary write-up from Defendants.

22. After Plaintiff returned to work following his cancer surgery, Plaintiff's supervisor, Jonathan Hill, began imposing

more stringent, unfair, and useless restrictions on Plaintiff. For example, soon after Plaintiff returned to work, Mr. Hill instituted a new rotation for the biomedical technicians which required Plaintiff to drive twenty-one miles to Kent General Hospital campus instead of only five miles as he was previously required to drive to the Milford Memorial Hospital campus.

23.   Also after Plaintiff returned from his cancer surgery, Mr. Hill created additional requirements for Plaintiff's position, including a list of new physical requirements for Plaintiff's particular employment position.   Some of these physical requirements specifically targeted Plaintiff's condition following his cancer surgery, such as the fact that Plaintiff had part of his tongue removed as part of the surgery and had a temporary speech impediment as a result.   These requirements were not previously listed as part of Plaintiff's job description.   Mr. Hill made Plaintiff review and sign this list of new requirements.

24.   Mr. Hill also falsely accused Plaintiff of failing to fill out his work orders properly.

25.   In addition, Mr. Hill accused Plaintiff of improperly installing a stop-switch on a treadmill even though Plaintiff had properly installed the switch in the same manner in which other stop-switches were installed on other similar machines by other employees of Defendants.

26.   Mr. Hill also accused Plaintiff of failing to remove a piece of equipment that Mr. Hill claimed was not working properly. In fact, however, all the essential functions of this device were working properly.   Mr. Hill, however, himself violated company

protocol by removing this device and not leaving a similar device on the floor.

27. Mr. Hill reported this action to his supervisor, Tom Crothbertson and falsely alleged that Plaintiff had not followed proper safety protocol.

28. In addition, Mr. Hill denied Plaintiff time off for an appointment with Plaintiff's physician.

29. Plaintiff has been unable to obtain suitable alternative employment in his field since his termination from his position as a senior biomedical technician with Defendants.

### COUNT I - VIOLATION OF FAMILY AND MEDICAL LEAVE ACT

30. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 29 hereinabove.

31. Defendants subjected Plaintiff to harassment, and wrongfully discharged Plaintiff, in retaliation for Plaintiff's exercise of, and attempts to exercise, his rights under the Act, 29 U.S.C. § 2617(a)(1).

32. Defendants have wrongfully interfered with, restrained, and denied Plaintiff's exercise of and attempt to exercise his rights under the Act.

33. Defendants have discriminated against and discharged Plaintiff for opposing practices made unlawful by Subchapter I of the Act.

34. The wrongful acts committed by Defendants, as stated hereinabove, were willful, wanton, and committed in bad faith, and Defendants had no reasonable grounds for believing that their

wrongful acts were not in violation of the Act.

35.   As a direct result of the wrongful and discriminatory conduct of Defendants, Plaintiff has suffered lost wages and other damages.

WHEREFORE, Plaintiff demands judgment against each named Defendant for:

(1)   Any and all damages provided by 29 U.S.C. § 2617(a)(1), including but not limited to lost wages, salary, employment benefits, back pay, front pay, interest, liquidated damages, and any and all other available pecuniary damages;

(2)   Pre-judgment and post-judgment interest;

(3)   Attorney's fees and costs;

(4)   Reinstatement, if feasible; and

(5)   Any other relief, whether legal or equitable, that this Court deems just and appropriate.

## COUNT II – BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

36.   Plaintiff hereby restates and incorporates by reference paragraphs 1 through 35 hereinabove.

37.   By their actions as described in this Complaint, including but not limited to, interfering with, restraining, and denying Plaintiff's exercise of and attempt to exercise his rights under the Family and Medical Leave Act, and Defendants' harassment of and discharge of Plaintiff, Defendants have breached the covenant of good faith and fair dealing implied under Delaware law.

38.    Defendants' actions in breaching the implied covenant of good faith and fair dealing were wilful and/or wanton.

39.    As a direct result of the wrongful conduct of Defendant and its agents, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against each named Defendant for:

(1)    Back pay, including interest;

(2)    Reinstatement, if feasible, or in the alternative, front pay;

(3)    Punitive damages;

(4)    Pre-judgment and post-judgment interest;

(5)    Attorney's fees; and

(6)    Any other relief that this Court deems just.

## COUNT III - VIOLATION OF 19 DEL. C. § 710, et. seq.

40.    Plaintiff hereby restates and incorporates by reference paragraphs 1 through 39 hereinabove.

41.    Defendants subjected Plaintiff to a hostile working environment and otherwise discriminated against him with regard to the terms and conditions of his employment on the basis of his age, and retaliated against Plaintiff, in violation of 19 Del. C. §710 et seq.

42.    As a result of Defendant's breach of this provision, Plaintiff has suffered damages, including but not limited to, past and future lost wages, past and future loss of benefits, and

damage to his employability and reputation.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(1)   Back pay, including interest;

(2)   Reinstatement, if feasible, or in the alternative, front pay;

(3)   Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses;

(4)   Punitive damages;

(5)   Pre-judgment and post-judgment interest;

(6)   Attorney's fees; and

(7)   Any other relief that this Court deems just.

### COUNT IV - SLANDER

43.   Plaintiff hereby restates and incorporates by reference paragraphs 1 through 42 hereinabove.

44.   Defendants' agents have made false oral statements regarding Plaintiff.

45.   Defendants' agents knew said statements to be false when they made them.

46.   Defendants' agents have published said statements in an improper manner and for an improper purpose.

47.   Defendants' agents have made said statements with actual malice.  Said statements of Defendants' agents maligned Plaintiff in his trade, business, and profession, and Defendants' agents made said statements with the intent so to malign Plaintiff.

48.   The defamatory oral statements of Defendants' agents

regarding Plaintiff were intended to disgrace him, lower his standing and reputation among his colleagues, malign him in his profession, and bring him into contempt and ridicule.

49.    The defamatory oral statements of Defendants' agents regarding Plaintiff constituted slander per se.

WHEREFORE, Plaintiff demands judgment against each named Defendant for:

(1)  Compensatory damages, including damages for emotional pain and suffering, inconvenience, mental anguish, loss of reputation, loss of past and future wages and employment benefits;

(2)  Punitive damages;

(3)  Attorney's fees; and

(4)  Any other relief that this Court deems just.

## COUNT V-VIOLATION OF 19 DEL. C. § 720, et. seq.

50.    Plaintiff hereby restates and incorporates by reference paragraphs 1 through 49 hereinabove.

51.    At all times relevant to this Complaint, Plaintiff has been a "handicapped person" as that term is defined by 19 Del. C. § 722.  Specifically, he has had physical impairments including a speech impediment and difficulty walking that substantially limit one or more of his major life activities, and/or he has had a record of such impairments, and/or he has been regarded by Defendant as having such impairment.

52.    The actions of Defendant as described in this Complaint represent intentional discrimination against Plaintiff on the basis of his status as a handicapped person in violation of the

Handicapped Persons Employment Protections Act.

53.   As a direct result of the discriminatory conduct of Defendants and their agents, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(1)   Back pay, including interest;

(2)   Reinstatement, if feasible, or in the alternative, front pay;

(3)   Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses;

(4)   Punitive damages;

(5)   Pre-judgment and post-judgment interest;

(6)   Attorney's fees; and

(7)   Any other relief that this Court deems just.

                    SCHMITTINGER & RODRIGUEZ, P.A.

                    BY: _____
                         WILLIAM D. FLETCHER, JR
                         Bar I.D. #362

                    BY: _____
                         NOEL E. PRIMOS
                         Bar I.D. #3124

                    BY: _____
                         ADAM C. GERBER
                         414 S. State Street
                         P.O. Box 497
                         Dover, DE  19901
                         (302) 674-0140
                         Attorneys for Plaintiff

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
Daniel Miller

**DEFENDANTS**
Aramark Healthcare Support Service, Inc., et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Kent County
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    New Castle County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEY'S (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
William D. Fletcher, Jr.
Schmittinger & Rodriguez, P.A.
414 South State Street
Dover, DE 19901

ATTORNEYS (IF KNOWN)
Michael P. Kelly
McCarter & English
919 N. Market Street, 18th Floor
Wilmington, DE 19801

**II. BASIS OF JURISDICTION**    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**    (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN**    (PLACE AN "X" IN ONE BOX ONLY)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT**    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/ etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | **PERSONAL INJURY** | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | ☐ 382 Personal Injury Med. Malpractice | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury Product Liability | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | **Personal property** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | ☐ 791 Empl Ret Inc Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | | ☐ 871 IRS Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | | | |
| | ☐ 385 Property Damage Product Liability | | | |
| **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | | |
| ☒ 442 Employment | **HABEAS CORPUS:** | | | |
| ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION**    (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
28 U.S.C. § 1331 District Court has original jurisdiction.

**VII. REQUESTED IN COMPLAINT:**    CHECK IF THIS IS A **CLASS ACTION**    DEMAND $
☐ UNDER F.R.C.P. 23
CHECK YES only if demanded in complaint
JURY DEMAND    ☒ YES    ☐ NO

**VIII. RELATED CASE(S) IF ANY**    (See instructions):    JUDGE _____ _for MPK_    DOCKET NUMBER _____

DATE
8/30/2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 0 6 - 5 3 4

# ACKNOWLEDGMENT
## OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____3_____ COPIES OF AO FORM 85.

_____8/30/06_____
(Date forms issued)

_____
(Signature of Party or their Representative)

_____Janielle Williams_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action