IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL MILLER,<br><br>      Plaintiff,<br><br>    v.<br><br>ARAMARK HEALTHCARE SUPPORT SERVICES, INC., ARAMARK CLINICAL TECHNOLOGY SERVICES, INC., AND ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP,<br><br>      Defendants. | Civil Action No. 06-534 |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
ARAMARK HEALTHCARE SUPPORT SERVICES, INC.,
ARAMARK CLINICAL TECHNOLOGY SERVICES, INC., AND
ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP**

Defendants ARAMARK Healthcare Support Services, Inc., ARAMARK Clinical Technology Services, Inc., and ARAMARK Management Services Limited Partnership, (collectively, "Defendants"), by and through their counsel, hereby respond to the Complaint of Plaintiff Daniel Miller ("Plaintiff") in accordance with its numbered paragraphs as follows:

1. Defendants lack knowledge or information sufficient to form a belief as to the residence and citizenship of Plaintiff. By way of further answer, Defendants' records reflect that Plaintiff's last known address is 4800 Deep Grass Lane, Houston, Delaware, 19954.

2. Admitted.

3. Admitted.

4. Admitted.

5. The allegations of paragraph 5 purport to state conclusions of law to which no responsive pleading is required, and Defendants therefore deny the allegations.

6. The allegations of paragraph 6 purport to state conclusions of law to which no responsive pleading is required, and Defendants therefore deny the allegations.

7. Admitted in part; denied in part. Defendants admit that Plaintiff purports to bring the claims described in paragraph 7. Defendants deny the remaining allegations of paragraph 7.

8. Admitted in part; denied in part. Defendants admit that in or about July 2005, Plaintiff filed a charge of discrimination with the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC"), which are written documents, the terms of which speak for themselves. Defendants deny the remaining allegations of paragraph 8.

9. Admitted.

10. The Notice of Right to Sue and Plaintiff's Complaint are written documents, the terms of which speak for themselves. Defendants deny the remaining allegations of paragraph 10.

11. The allegations of paragraph 11 purport to state conclusions of law to which no responsive pleading is required, and Defendants therefore deny the allegations.

12. The allegations contained in the first sentence of paragraph 12 purport to state conclusions of law to which no responsive pleading is required, and Defendants therefore deny the allegations. Defendants admit that Plaintiff began his employment as a Senior Biomedical Equipment Technician in October 2002. Defendants deny the remaining allegations of paragraph 12.

13. Defendants admit that from July 2004 until April 15, 2005, Plaintiff was supervised by Jonathan Hill, Front Line Manager. Defendants further admit that Mr. Hill was supervised by Tom Cuthbertson, District Manager. The remaining allegations of paragraph 13

purport to state conclusions of law to which no responsive pleading is required, and Defendants therefore deny the allegations.

14.   Defendants admit that prior to his discharge on April 15, 2005, Plaintiff's job title was Clinical Engineering Technician, and he was classified as a Senior Biomedical Equipment Technician, Level II. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in the second, third and fourth sentences of paragraph 14 and therefore deny such allegations. Defendants deny the remaining allegations of paragraph 14.

15.   Defendants admit that Premier sold its Clinical Engineering Division to ARAMARK. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 15 and therefore deny such allegations.

16.   Defendants admit that Plaintiff remained assigned to Milford Memorial Hospital and was employed from October 2002 until April 15, 2005. Defendants further admit that Plaintiff's job title was Clinical Engineering Technician, and he was classified as a Senior Biomedical Equipment Technician, Level II. Defendants deny the remaining allegations of paragraph 16.

17.   Denied.

18.   Denied.

19.   Defendants admit that Plaintiff was diagnosed with cancer and that he had surgery in August 2004. Defendants further admit that following his surgery in August 2004, Plaintiff had a second surgery on his leg. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of paragraph 19 and therefore deny such allegations.

20. Defendants admit that Plaintiff returned to work from Short Term Disability in December, 2004. The remaining allegations of paragraph 20 purport to state conclusions of law to which no responsive pleadings is required.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Admitted in part, denied in part. Defendants admit that Mr. Hill reported to Mr. Cuthbertson that Plaintiff had not followed proper safety protocol. Defendants deny the remaining allegations of paragraph 27.

28. Denied.

29. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 29 and therefore deny such allegations.

## COUNT I

30. Defendants incorporate their responses to the allegations set forth in paragraphs 1 through 29 as if set forth fully herein.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

4

WHEREFORE, having denied any liability to Plaintiff, Defendants deny that Plaintiff is entitled to any of the relief he demands.

## COUNT II

36. Defendants incorporate their responses to the allegations set forth in paragraphs 1 through 35 as if set forth fully herein.

37. Denied.

38. Denied.

39. Denied.

WHEREFORE, having denied any liability to Plaintiff, Defendants deny that Plaintiff is entitled to any of the relief he demands.

## COUNT III

40. Defendants incorporate their responses to the allegations set forth in paragraphs 1 through 35 as if set forth fully herein.

41. Denied.

42. Denied.

WHEREFORE, having denied any liability to Plaintiff, Defendants deny that Plaintiff is entitled to any of the relief he demands.

## COUNT IV

43. Defendants incorporate their responses to the allegations set forth in paragraphs 1 through 42 as if set forth fully herein.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

WHEREFORE, having denied any liability to Plaintiff, Defendants deny that Plaintiff is entitled to any of the relief he demands.

## COUNT V

50. Defendants incorporate their responses to the allegations set forth in paragraphs 1 through 49 as if set forth fully herein.

51. Denied.

52. Denied.

53. Denied.

WHEREFORE, having denied any liability to Plaintiff, Defendants deny that Plaintiff is entitled to any of the relief he demands.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred to the extent he has failed to satisfy the administrative and/or jurisdictional prerequisites for the institution of such claims.

### SECOND DEFENSE

Plaintiff's claims are barred to the extent they were not raised in his administrative charges.

### THIRD DEFENSE

Plaintiff's claims are barred to the extent he failed to exhaust his administrative remedies.

### FOURTH DEFENSE

6

Plaintiff's claims are barred to the extent he failed to satisfy the applicable statutes of limitations and/or filing periods.

### FIFTH DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SIXTH DEFENSE

Plaintiff's claims are barred or diminished to the extent he has failed to mitigate his damages.

### SEVENTH DEFENSE

Defendants' actions with respect to Plaintiff were based on legitimate, nondiscriminatory and non-retaliatory factors.

### EIGHTH DEFENSE

Defendants acted at all times in good faith and consistently maintained, implemented, and enforced a policy in the workplace against discrimination, retaliation and harassment, including harassment based on disability, and otherwise exercised reasonable care to prevent and correct promptly any discrimination, retaliation or harassment to which Plaintiff claims he was subjected. Plaintiff unreasonably failed to take advantage of preventive and corrective opportunities provided by Defendants or to avoid harm otherwise.

### NINTH DEFENSE

The Complaint fails to allege facts sufficient to allow for the recovery of liquidated or punitive damages.

## TENTH DEFENSE

Defendants at all times exercised good faith efforts to comply with the FMLA. Defendants are not vicariously liable for punitive damages for any alleged decisions of their managerial agents that were contrary to these good faith efforts.

## ELEVENTH DEFENSE

All statements made by Defendants were truthful and privileged.

**WHEREFORE**, Defendants respectfully requests that the Court dismiss the Complaint with prejudice and enter judgment in its favor, together with the costs of this action, including reasonable attorneys' fees.

Respectfully submitted,

Dated: September 7, 2006

/s/ Christopher A. Selzer
Michael P. Kelly (D.E. Bar I.D. 2295)
Christopher A. Selzer (D.E. Bar I.D. 4305)
McCarter & English, LLP
Citizens Bank Building
919 N. Market Street, 18th Floor
Wilmington, DE 19801
Tel. 302.984.6301
Fax. 302.984.2493
mkelly@mccarter.com

Attorneys for Defendants
ARAMARK Healthcare Support Services, Inc.,
ARAMARK Clinical Technology Services,
Inc., and ARAMARK Management Services
Limited Partnership

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL MILLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARAMARK HEALTHCARE SUPPORT SERVICES, INC., ARAMARK CLINICAL TECHNOLOGY SERVICES, INC., AND ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP,<br><br>　　　　Defendants. | Civil Action No. 06-534 |

**CERTIFICATE OF SERVICE**

　　I, Christopher A. Selzer, hereby certify that the foregoing Answer and Affirmative Defenses of Defendants ARAMARK Healthcare Support Services, Inc., ARAMARK Clinical Technology Services, Inc., and ARAMARK Management Services Limited Partnership was served via regular mail, postage prepaid on this 7th day of September, 2006 upon the following:

　　　　William D. Fletcher, Jr.
　　　　SCHMITTINGER & RODRIGUEZ, P.A.
　　　　414 South State Street
　　　　P.O. Box 497
　　　　Dover, DE 19901

　　　　Attorneys for Plaintiff


　　　　　　　　/s/ Christopher A. Selzer
　　　　　　　　CHRISTOPHER A. SELZER