IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL MILLER, | * |
| Plaintiff, | * |
| v. | * |
| | *   C.A. No. 06-534 MPT |
| ARAMARK HEALTHCARE SUPPORT SERVICES, INC., a domestic corporation, and ARAMARK CLINICAL TECHNOLOGY SERVICES, INC., a domestic corporation, ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP, | * |
| Defendants. | * |

## CONFIDENTIALITY AGREEMENT

Plaintiff Daniel Miller and Defendants ARAMARK Healthcare Support Services, Inc., ARAMARK Clinical Technology Services, Inc., and ARAMARK Management Services Limited Partnership (collectively "Defendants") hereby agree:

1.  Plaintiff and Defendants shall have the right to limit access to any document produced in discovery or other item relevant to this litigation, including without limitation answers to interrogatories and any portion of deposition testimony or other testimony by a witness, to the counsel for the parties.

2.  Such documents or other tangible items must be designated by conspicuously stamping the words "COUNSEL ONLY" on each page of the designated material or by notifying the other party in writing of the material to be considered so designated. With regard to testimony, a party may limit access to such testimony to the parties' counsel by notifying the other party of the portion of testimony to be designated on the record at the deposition or in writing no later than five days after the transcript is received.

3. Information designated for "COUNSEL ONLY" shall not be disclosed or disseminated to anyone, except:

   a. the counsel for any party, and the employees of such counsel to whom it is necessary that the information be disclosed for purposes of this litigation only; or

   b. any outside expert engaged by a party for the purposes of assisting in the preparation of this litigation, provided, however, that no such information shall be disseminated to any expert who is currently employed by a direct business competitor of a party or its affiliates subject to review by the Court;

   c. any person who was involved in the preparation of the document or information; or

   d. any person, entity, or firm with the prior written consent of all parties.

4. Plaintiffs and Defendants shall also have the right to designate as CONFIDENTIAL any document or other item relevant to this litigation, including without limitation answers to interrogatories and any portion of deposition testimony or other testimony by a witness.

5. Such documents or other tangible items must be designated by conspicuously stamping the words "CONFIDENTIAL" on each page of the designated material or by notifying the other party in writing of the material to be considered so designated. With regard to testimony, a party may designate portions of the record CONFIDENTIAL by notifying the other party on the record at the deposition or in writing no later than two days after the transcript is received.

6. Information designated "CONFIDENTIAL" shall not be disclosed or disseminated to anyone, except:

   a. a party, counsel for any party, and the employees of such counsel to whom it is necessary that the information be disclosed for purposes of this litigation only; or

  b. any expert engaged by a party for the purpose of assisting in the preparation of this litigation, provided, however, that no CONFIDENTIAL information shall be disseminated to any expert who is employed by a direct business competitor of Defendants or their affiliates; or

  c. any person who was involved in the preparation of the document or information; or

  d. any other person, entity, or firm with the prior written consent of all parties.

7. Any party that provides documents or other discovery obtained from the other party in the course of this litigation to any person (other than the Court, court personnel, and court reporters) will first obtain from such person, prior to any such dissemination, a written statement in the form attached as Exhibit "A" hereto, that such person agrees to be bound by this Confidentiality Agreement. The undersigned counsel shall maintain a list of all such persons along with the written agreement of each person. Upon request of any party at any time, counsel in possession of the written agreements shall immediately provide copies of the written agreements to the requesting party.

8. When any document or information designated "COUNSEL ONLY," or other pleadings or papers disclosing or referring to such information are used in connection with any motion, hearing, filing or other submission to the Court, they shall be filed in an envelope under seal pursuant to the rules of this Court and shall be marked as follows:

  CONFIDENTIAL/RESTRICTED:
  The contents of this envelope are not to be revealed to anyone except the Court, or with the prior consent of all the parties herein, or pursuant to any other Order of this Court. If the contents are thus revealed, they shall thereafter be resealed.

9. Nothing in this Agreement shall preclude any party from challenging a designation of "CONFIDENTIAL" or "COUNSEL ONLY" by another party.

3

  a. If any party elects to challenge a designation of any document, deposition testimony, or information pursuant to this order, that party must provide at least five days advance notice to afford the designating party an opportunity to remove voluntarily such designation.

  b. If, after the five-day period has expired, the designating party has not agreed to remove the designation and the parties are otherwise unable to resolve the challenge to the designation, the challenging and designating parties shall contact the Court for a determination of whether the challenged designation is appropriate. The challenging party shall provide the Court with one copy of each document, response, or portion of transcript challenged. The designating party has the burden of proving the applicability and/or correctness of any designation.

  c. If the challenge is not resolved by agreement, or by voluntary removal, and if the Court is not contacted, then the designation shall remain in effect and shall continue to apply to such document or information.

  d. If a party challenges a designation of "CONFIDENTIAL" or "COUNSEL ONLY" to the Court, the material is to be treated as "CONFIDENTIAL" or "COUNSEL ONLY" until such time as the Court has ruled on the challenge.

10. Nothing in this Agreement shall preclude any party from seeking from the Court an Order binding third parties to abide by this Agreement.

11. Within thirty days of the close of this litigation for any reason, each party shall retrieve all copies of materials designated "CONFIDENTIAL" or "COUNSEL ONLY" from his or its own files, and from experts or other persons to whom he or it has provided such materials consistent with this Confidentiality Agreement, and shall do one of the following: (1) return to the designating party all such materials, including all copies thereof, produced by such designating party during this action; or (2) certify in writing to the designating party that all materials designated "CONFIDENTIAL" or "COUNSEL ONLY" produced by such other party during this action have been destroyed. All material protected by this Confidentiality Agreement which has been placed in any computer databank, hard drive, or disk shall be completely erased,

and any documents listing or summarizing information protected by this Confidentiality Agreement shall be destroyed within the same period.

12. Nothing herein contained shall be construed to preclude or limit any party from opposing any discovery on any grounds that would otherwise be available. This Agreement shall not, in and of itself, prejudice any contention of any party upon any motion, nor shall this Agreement constitute a waiver of any right to seek relief from the Court from any and all of the provisions hereof or other modifications of the terms hereof. This Agreement shall not limit any party's right to seek judicial review or to seek further and additional protection against or limitation upon production or dissemination of information and documents or their contents.

13. Nothing herein shall be construed to preclude or limit the presence of any individual at any hearings in or the trial of this action.

14. Upon the final resolution of this litigation, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

15. This Order is binding on all parties to this action and on all third parties who have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court.

/s/ Noel E. Primos
William D. Fletcher, Jr. (D.E. Bar I.D. 362)
Noel E. Primos (D.E. Bar I.D. 3124)
SCHMITTINGER & RODRIGUEZ, P.A.
414 South State Street
P.O. Box 497
Dover, DE 19901
Tel. 302.674.0140

Attorneys for Plaintiff

/s/ Christopher A. Selzer
Michael P. Kelly (D.E. Bar I.D. 2295)
Christopher A. Selzer (D.E. Bar I.D. 4305)
MCCARTER & ENGLISH, LLP
Citizens Bank Building
919 N. Market Street, 18th Floor
Wilmington, DE 19801
Tel. 302.984.6301/6392

William J. Delany (admitted *pro hac vice*)
Anne E. Martinez (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel. 215.963.5066/5718

Attorneys for Defendants

Dated: March 2, 2007

Dated: March 2, 2007

Approved and so **ORDERED** this __5__ day of __March__, 2007

Mary Pat Thynge, U.S.M.J

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL MILLER, | * |
| Plaintiff, | * |
| v. | * |
| | * C.A. No. 06-534 MPT |
| ARAMARK HEALTHCARE SUPPORT SERVICES, INC., a domestic corporation, and ARAMARK CLINICAL TECHNOLOGY SERVICES, INC., a domestic corporation, ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP, | * |
| Defendants. | * |

### EXHIBIT "A" TO CONFIDENTIALITY AGREEMENT

I hereby certify that I have read the CONFIDENTIALITY AGREEMENT entered into by the parties in the above-captioned litigation. I hereby agree to be bound by the terms of the CONFIDENTIALITY AGREEMENT and to submit personally to the jurisdiction of the Court for purposes of enforcing my agreement to be bound by the terms of the CONFIDENTIALITY AGREEMENT.

I hereby agree that I will use any documents or other discovery produced or provided by a party in the above-captioned litigation for the sole and limited purposes of preparation for and trial of the above-captioned litigation.

_____        _____
(Signature)                            (Printed name)

_____        _____
(Street)                               (City, state, zip code)

_____
(Telephone)

Dated: _____