LAW OFFICES

## SCHMITTINGER AND RODRIGUEZ, P.A.

414 SOUTH STATE STREET
POST OFFICE BOX 497
DOVER, DELAWARE 19901
TELEPHONE 302-674-0140
FAX 302-674-1830

NICHOLAS H. RODRIGUEZ
PAUL H BOSWELL
JOHN J. SCHMITTINGER
DOUGLAS B. CATTS
WILLIAM D. FLETCHER JR
CRAIG T ELIASSEN
WILLIAM W PEPPER SR
CRYSTAL L. CAREY*
SCOTT E. CHAMBERS*
FRED A TOWNSEND III
NOEL E. PRIMOS
DAVID A BOSWELL
WALT F. SCHMITTINGER
R. SCOTT KAPPES
JEFFREY J. CLARK
BETH B. MILLER
KYLE KEMMER
KATHRYN J. GARRISON
MAGNOLIA SOLANO
ERIN K FITZGERALD

*ALSO ADMITTED IN MARYLAND

HAROLD SCHMITTINGER
OF COUNSEL

NEWARK OFFICE
CHRISTIANA EXECUTIVE CAMPUS
220 CONTINENTAL DRIVE, STE 203
NEWARK, DELAWARE 19713
TELEPHONE 302-894-1960
FAX 302-894-1965

REHOBOTH BEACH OFFICE
WACHOVIA BANK BUILDING
18489 COASTAL HIGHWAY, 2ND FLR
REHOBOTH BEACH, DELAWARE 19971
TELEPHONE 302-227-1400
FAX 302-645-1843

ODESSA OFFICE
ODESSA PROFESSIONAL PARK
POST OFFICE BOX 626
ODESSA, DELAWARE 19730
TELEPHONE 302-378-1697
FAX 302-378-1659

April 30, 2007

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Lock Box 8
Wilmington, DE 19801

**VIA ELECTRONIC FILING**

RE:    Miller v. Aramark Healthcare Support Services, Inc., et al.
       C.A. No.: 06-534 (MPT)

Dear Magistrate Judge Thynge:

A telephone conference regarding a discovery dispute has been scheduled before you for May 2, 2007, at 5:00 p.m. Plaintiff is the party seeking relief, and this constitutes the letter submission on behalf of Plaintiff pursuant to paragraph 3.e. of the Scheduling Order.

In early April, Plaintiff received certain responses to written discovery requests. These responses were completely inadequate and largely non-responsive. Attempts to resolve the dispute through discussion with opposing counsel were unsuccessful. Attached are copies of these responses, which include Plaintiff's original requests:

(1)  Defendants' Responses to Plaintiff's Fourth Request for Production of Documents, and

(2)  Defendants' Responses to Plaintiff's Third Set of Interrogatories.

April 30, 2007
Page 2

The following is a summary of the requests/issues:

(1) In RFP #1, Plaintiff requested Clinical Repair Technicians' Paid Time Off (PTO) requests for a ten-and-one-half-month period leading up to Plaintiff's termination, together with information on denial or approval and department attendance. Defendants have objected on the grounds of overbreadth, burden, etc., and also on the grounds of confidentiality. Plaintiff's counsel has clarified in subsequent discussions with Defendants' counsel that the documents being sought are only for Defendants' accounts at Bayhealth, and Plaintiff's counsel has further indicated that Plaintiff would be satisfied only with information regarding the PTO requests that were denied. Defendants have nonetheless refused to produce the information. This information is relevant to Plaintiff's claim that a denial of a PTO request was discriminatory. Plaintiff notes that, with regard to the confidentiality objection, a confidentiality stipulation and order is in place in this matter.    Plaintiff further notes that there were only a limited number of Clinical Repair Technicians during the indicated time period at the Bayhealth campuses, i.e., less than ten.

(2) In RFP #2, Plaintiff asked to see work order requests for Plaintiff only for the ten-week period leading up to his termination. This is relevant to show, *inter alia,* the amount of work being required of Plaintiff during this time period. Defendants have objected on the grounds of overbreadth, burden, etc.

(3) In RFP #3, Plaintiff has asked for all work orders and initial inspections referenced in disciplinary write ups for Plaintiff during the last three and a half months of his employment. At least some of these documents have already been produced. Plaintiff's counsel has asked Defendants' counsel in discussions to either produce any additional responsive documents or confirm in writing that all responsive documents have been produced.

(4) In RFP #5, Plaintiff requested schedules of Clinical Technician Job Assignments from July 1, 2004, through October 1, 2005. In response, Defendants produced, without explanation, a document entitled "Technician Campus Assignments" (included in attached response to request for production) that indicates information from January through December of an unspecified year, and does not include some technicians, including Plaintiff. Plaintiff's counsel, in discussions, has asked for complete information. Defendants have refused to produce the information.

(5) In RFP #7, Plaintiff has requested documentation of preventive maintenance inspections for co-worker and potential comparator John Ritterhoff during a six-week period. Defendants have objected on the grounds of overbreadth, burden, etc. In

April 30, 2007
Page 3

addition, in their response to Interrogatory #2, Defendants have
also objected on the grounds of confidentiality. As noted *supra*, a
confidentiality stipulation and order is in place. Plaintiff does
not believe that the requested information  for the indicated
limited period is overbroad.

Should the Court require additional information regarding this
discovery dispute, Plaintiff's counsel is ready to provide it.
Thank you for your consideration of this matter.

Very truly yours,

WILLIAM D. FLETCHER, JR.

NOEL E. PRIMOS  /WDF

NEP:rp

Attachments

cc:   William J. Delany, Esq. (via electronic service)
      Michael P. Kelly, Esq. (via electronic service)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DANIEL MILLER,      *

        Plaintiff,      *

        v.      *

ARAMARK HEALTHCARE SUPPORT      *
SERVICES, INC., a domestic corporation, and      *
ARAMARK CLINICAL TECHNOLOGY      *
SERVICES, INC., a domestic corporation, and      *
ARAMARK MANAGEMENT SERVICES      *
LIMITED PARTNERSHIP,      *

        Defendants.      *

C.A. No. 06-534 MPT

## DEFENDANTS' RESPONSES TO PLAINTIFF'S FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 26 and 34, Defendants ARAMARK Healthcare Support Services, Inc., ARAMARK Clinical Technology Services, Inc., and ARAMARK Management Services Limited Partnership (collectively "Defendants"), by and through their attorneys, hereby provide the following objections and responses to Plaintiff's Fourth Request for Production of Documents. The responses set forth below reflect the present knowledge of Defendants and the results of their investigation to date. Defendants reserve the right to supplement or amend these responses as may be necessary or appropriate in the future in accordance with Fed. R. Civ. P. 26.

## GENERAL OBJECTIONS

1.    Defendants object to the Requests to the extent they seek the disclosure of information that is subject to one or more privileges or protections from disclosure, including, but not limited to: the attorney-client privilege, the self-investigation privilege, the attorney work product doctrine, or any other privilege or protections available under applicable law. In

preparing their responses to these Requests, Defendants have assumed that the Requests are limited in time such that they do not seek attorney-client or attorney work product material generated after the commencement of litigation. Accordingly, Defendants will not identify such material on any privilege log generated in this matter.

2.    Defendants object generally to Plaintiff's Requests on the grounds that they are overbroad in time and in scope, unduly burdensome, seek documents or information that is not reasonably calculated to lead to the production of admissible evidence and/or seek documents or information that is not relevant to the claims or defenses of any party to this action.

3.    Defendants object to any Request that seeks documents or information relating to any facility, entity, department, or work unit other than the facilities, entities, departments, or work units in which Plaintiff was employed.

4    Defendants object to Plaintiff's Requests to the extent that they seek to impose burdens or obligations on Defendants beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or by the Court's scheduling order. Defendants will respond to Plaintiff's Requests in accordance with the Federal Rules of Civil Produce and in accordance with the Court's scheduling order.

5.    Defendants object to Plaintiff's Requests to the extent that they seek to impose upon Defendants obligations to provide responses with respect to information or documents that are not in Defendants' possession, custody and/or control.

6.    Defendants object to Plaintiff's Requests to the extent that they seek documents or information that is already in the possession of Plaintiff, or that is equally available to Plaintiff as to Defendants.

7.    Defendants object to producing documents or providing information regarding any trade secret, proprietary information or other confidential research, development, technical, personnel, or commercial information, and shareholder information. Such information, to the extent it is otherwise non-privileged and relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence, will be produced only upon execution of a mutually acceptable confidentiality stipulation.

8.    Defendants object to Plaintiff's Requests to the extent that they seek information or documents concerning events that occurred more than 300 days before Plaintiff filed his charge of discrimination with the Delaware Department of Labor and/or the Equal Employment Opportunity Commission.

9.    Defendants submit these responses without conceding the relevance or materiality of the subject matter of any Request, and without prejudice to their right to object to further discovery, to object to the admissibility at trial of any document requested, or to object to any other proceeding in this action.

10.    Defendants object to Plaintiff's Requests to the extent that they are vague and/or ambiguous.

11.    Defendants incorporate these objections into each and every response below to the extent applicable. Defendants also reserve the right to raise objections at trial regarding the admissibility of any of the information that they provide or agree to provide.

12.    The responses below set forth Defendants' present knowledge and information based on their investigation to date, which is continuing. Defendants reserve the right to supplement or amend these responses as may be necessary or appropriate in the future.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS
(In addition to all applicable General Objections set forth above)

1.     **Copies of all submitted Clinical Repair Technicians' Paid Time Off (PTO) requests from June 1, 2004, through April 15, 2005, with evidence of its denial or approval and department attendance on such requested dates for PTO.**

**RESPONSE:**

Defendants object to Request No. 1 on the grounds that it is overbroad, unduly burdensome and seeks information that is not reasonably calculated to lead to the production of admissible evidence and/or seeks information that is not relevant to the claims or defenses of any party to this action. Defendants further object to this Request on the grounds that it seeks confidential information regarding individuals not party to this action.

2.     **All work order requests including, but not limited to, initial inspections, repair orders, preventative maintenance inspections and on-call responses for Plaintiff for the time period of February 2, 2005 through April 15, 2005.**

**RESPONSE:**

Defendants object to Request No. 2 on the grounds that it is overbroad, unduly burdensome and seeks information that is not reasonably calculated to lead to the production of admissible evidence and/or seeks information that is not relevant to the claims or defenses of any party to this action.

Subject to this specific objection and Defendants' general objections asserted above, and without waiver thereof, Defendants direct Plaintiff to the work orders that were previously produced (documents Bates-labeled A00798 to A00809 and A00924 to A00928)

3.    **All work orders and initial inspections that are referenced in each disciplinary write-up for Plaintiff from January 1, 2005 through April 15, 2005.**

**RESPONSE:**

Subject to Defendants' general objections asserted above, and without waiver thereof, Defendants direct Plaintiff to the work orders that were previously produced (documents Bates-labeled A00798 to A00809 and A00924 to A00928).

4.    **Records of any computer user name changes after April, 2005 for the user name Daniel Miller, using his password that had been established prior to this, which can be acquired from the information technology center for Aramark Healthcare Division in Charlotte, North Carolina.**

**RESPONSE:**

Defendants object to Request No. 4 on the grounds that it is overbroad, unduly burdensome and seeks information that is not reasonably calculated to lead to the production of admissible evidence and/or seeks information that is not relevant to the claims or defenses of any party to this action.

Subject to these specific objections and Defendants' general objections asserted above, and without waiver thereof, after reasonable investigation, there are no responsive documents in Defendants' possession, custody or control.

5.      **Schedules of Clinical Technician job assignments from July 1, 2004 through October 1, 2005, including, but not limited to, the sheets that were distributed to the technicians that stated the name, location and duties encompassed for each month by each technician.**

**RESPONSE:**

Defendants object to Request No. 5 on the grounds that it is overbroad, unduly burdensome and seeks information that is not reasonably calculated to lead to the production of admissible evidence and/or seeks information that is not relevant to the claims or defenses of any party to this action.

Subject to these specific objections and Defendants' general objections asserted above, and without waiver thereof, Defendants will produce a chart of Technician Campus Assignments.

6.      **The complete equipment data file of the following equipment:**

      a.      **Asset/control number 847980;**

      b.      **Asset/control number 848019;**

      c.      **Asset/control number 826053;**

      d.      **Asset/control number 469907;**

      e.      **Asset/control number 848018;**

      f.      **Marquette/ GE Cardiac Assisted Stress Exerciser (CASE) system located at Milford Memorial Hospital Cardiology department;**

      g.      **Both Marquette/ GE Cardiac Assisted Stress Exerciser (CASE) systems located at Kent General Hospital Cardiology department.**

**RESPONSE:**

Defendants object to Request No. 6 on the grounds that it is overbroad, unduly burdensome and seeks information that is not reasonably calculated to lead to the production of admissible evidence and/or seeks information that is not relevant to the claims or defenses of any party to this action.

Subject to these specific objections and Defendants' general objections asserted above, and without waiver thereof, after reasonable investigation, there are no responsive documents in Defendants' possession, custody or control.

7.    **Documentation of all preventative maintenance inspections performed by John Ritterhoff from March 1, 2005, to April 15, 2005.**

**RESPONSE:**

Defendants object to Request No. 7 on the grounds that it is overbroad, unduly burdensome and seeks information that is not reasonably calculated to lead to the production of admissible evidence and/or seeks information that is not relevant to the claims or defenses of any party to this action.

8.    **All documents referenced or used to answer the question to Plaintiff's Third Set of Interrogatories Directed to Each Named Defendant.**

**RESPONSE:**

Subject to Defendants' general objections asserted above, and without waiver thereof, Defendants will produce the documents in their possession, custody or control that they identified and indicated that they would produce in their responses to Plaintiff's interrogatories.

Dated: April 4, 2007

Michael P. Kelly (D.E. Bar I.D. 2295)
Christopher A. Selzer (D.E. Bar I.D. 4305)
MCCARTER & ENGLISH, LLP
Citizens Bank Building
919 N. Market Street, 18th Floor
Wilmington, DE 19801
Tel. 302.984.6301/6392

William J. Delany (admitted *pro hac vice*)
Anne E. Martinez (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel. 215.963.5066/5718

Attorneys for Defendant

## Technician Campus Assignments

| Tech | January | February | March | April | May | June | July | August | September | October | November | December |
|------|---------|----------|-------|-------|-----|------|------|--------|-----------|---------|----------|----------|
| Bill McClements | MWH | | | | | | | | MWH | | | |
| Greg Wilson | | NWH | NWH | | | | | | | | | |
| Sterling Townsend | | | | MWH | MWH | | | | | | MWH | |
| John Ritterhoff | | | | | | MWH | NWH | | | NWH | | |

A00975

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DANIEL MILLER,

           Plaintiff,

       v.

ARAMARK HEALTHCARE SUPPORT
SERVICES, INC., a domestic corporation, and
ARAMARK CLINICAL TECHNOLOGY
SERVICES, INC., a domestic corporation, and
ARAMARK MANAGEMENT SERVICES
LIMITED PARTNERSHIP,

           Defendants.

*
*
*
*
*
*    C.A. No. 06-534 MPT
*
*
*
*
*
*
*

## NOTICE OF SERVICE

I, Christopher A. Selzer, hereby certify that I caused to be served a true and correct copy

of the Defendants' Objections and Responses to Plaintiff's Fourth Request for Production of

Documents via first class mail, on this 4th day of April, 2007, on:

> William D. Fletcher, Jr
> Noel E. Primos
> SCHMITTINGER & RODRIGUEZ, P.A.
> 414 South State Street
> P.O. Box 497
> Dover, DE 19901
>
> Attorneys for Plaintiff

> MCCARTER & ENGLISH, LLP
>
> /s/ Christopher A. Selzer
> Michael P. Kelly (D.E. Bar I.D. 2295)
> Christopher A. Selzer (D.E. Bar I.D. 4305)
> Citizens Bank Building
> 919 N. Market Street, 18th Floor
> Wilmington, DE 19801
> (302) 984-6300
>
> Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DANIEL MILLER,                                    *
                                                  *
                Plaintiff,                        *
                                                  *
        v.                                        *
                                                  *        C.A. No. 06-534 MPT
ARAMARK HEALTHCARE SUPPORT                         *
SERVICES, INC., a domestic corporation, and       *
ARAMARK CLINICAL TECHNOLOGY                        *
SERVICES, INC., a domestic corporation, and       *
ARAMARK MANAGEMENT SERVICES                        *
LIMITED PARTNERSHIP,                              *
                                                  *
                Defendants.                        *

## DEFENDANTS' RESPONSES TO PLAINTIFF'S THIRD SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 26 and 33, Defendants ARAMARK Healthcare Support

Services, Inc., ARAMARK Clinical Technology Services, Inc., and ARAMARK Management

Services Limited Partnership (collectively "Defendants"), by and through their attorneys, hereby

provide the following objections and responses to Plaintiff's Third Set of Interrogatories. The

responses set forth below reflect the present knowledge of Defendants and the results of their

investigation to date. Defendants reserve the right to supplement or amend these responses as

may be necessary or appropriate in the future in accordance with Fed. R. Civ. P. 26.

### GENERAL OBJECTIONS

1.      Defendants object to the Interrogatories to the extent they seek the disclosure of

information that is subject to one or more privileges or protections from disclosure, including,

but not limited to: the attorney-client privilege, the self-investigation privilege, the attorney

work product doctrine, or any other privilege or protections available under applicable law. In

preparing their responses to these Interrogatories, Defendants have assumed that the

Interrogatories are limited in time such that they do not seek attorney-client or attorney work

product material generated after the commencement of litigation. Accordingly, Defendants will not identify such material on any privilege log generated in this matter.

2. Defendants object generally to Plaintiff's Interrogatories on the grounds that they are overbroad in time and in scope, unduly burdensome, seek information that is not reasonably calculated to lead to the production of admissible evidence and/or seek information that is not relevant to the claims or defenses of any party to this action.

3. Defendants object to any Interrogatory that seeks information relating to any facility, entity, department, or work unit other than the facilities, entities, departments, or work units in which Plaintiff was employed.

4. Defendants object to Plaintiff's Interrogatories to the extent that they seek to impose burdens or obligations on Defendants beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or by the Court's scheduling order. Defendants will respond to Plaintiff's Interrogatories in accordance with the Federal Rules of Civil Produce and in accordance with the Court's scheduling order.

5. Defendants object to Plaintiff's Interrogatories to the extent that they seek to impose upon Defendants obligations to provide responses with respect to information or documents that are not in Defendants' possession, custody and/or control.

6. Defendants object to Plaintiff's Interrogatories to the extent that they seek information that is already in the possession of Plaintiff, or that is equally available to Plaintiff as to Defendants.

7. Defendants object to providing information regarding any trade secret, proprietary information or other confidential research, development, technical, personnel, or commercial information, and shareholder information. Such information, to the extent it is otherwise non-

2

privileged and relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence, will be produced only upon execution of a mutually acceptable confidentiality stipulation.

8.      Defendants object to Plaintiff's Interrogatories to the extent that they seek information concerning events that occurred more than 300 days before Plaintiff filed his charge of discrimination with the Delaware Department of Labor and/or the Equal Employment Opportunity Commission.

9.      Defendants submit these responses without conceding the relevance or materiality of the subject matter of any Interrogatory, and without prejudice to their right to object to further discovery, to object to the admissibility at trial of any document requested, or to object to any other proceeding in this action.

10.     Defendants object to Plaintiff's Interrogatories to the extent that they are vague and/or ambiguous.

11.     Defendants incorporate these objections into each and every response below to the extent applicable. Defendants also reserve the right to raise objections at trial regarding the admissibility of any of the information that they provide or agree to provide

12.     The responses below set forth Defendants' present knowledge and information based on their investigation to date, which is continuing. Defendants reserve the right to supplement or amend these responses as may be necessary or appropriate in the future

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES
### (In addition to all applicable General Objections set forth above)

1.      **State any days taken off by department technicians not approved by the department manager and disciplinary actions taken against said individuals for the time period of June 1, 2004 through April 15, 2005.**

**ANSWER:**

Defendants object to Interrogatory No. 1 on the grounds that it is overbroad, unduly burdensome and seeks information that is not reasonably calculated to lead to the production of admissible evidence and/or seeks information that is not relevant to the claims or defenses of any party to this action. Defendants further object to this Interrogatory on the ground that it seeks confidential information regarding individuals not party to this action.

Subject to these specific objections and Defendants' general objections asserted above, and without waiver thereof, Defendants respond that there is no information within their custody or control that is responsive to this Interrogatory.

2.      **State all preventative maintenance inspections performed by John Ritterhoff while assigned to the duty from March 1, 2005 through April 15, 2005.**

**ANSWER:**

Defendants object to Interrogatory No. 2 on the grounds that it is overbroad, unduly burdensome and seeks information that is not reasonably calculated to lead to the production of admissible evidence and/or seeks information that is not relevant to the claims or defenses of any party to this action. Defendants further object to this Interrogatory on the ground that it seeks confidential information regarding individuals not party to this action.

4

Dated:  April 4, 2007

Michael P. Kelly (D.E. Bar I.D. 2295)
Christopher A. Selzer (D.E. Bar I.D. 4305)
MCCARTER & ENGLISH, LLP
Citizens Bank Building
919 N. Market Street, 18th Floor
Wilmington, DE 19801
Tel. 302.984.6301/6392

William J. Delany (admitted *pro hac vice*)
Anne E. Martinez  (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel. 215.963.5066/5718

Attorneys for Defendant

## VERIFICATION

I, Jonathan Hill, hereby verify under penalty of perjury that I am employed by

ARAMARK Clinical Technology Services as a Front Line Manager, and that the factual

statements set forth in the Defendants' Objections and Responses to Plaintiff's Third Set of

Interrogatories are true and correct based upon knowledge and information provided to and/or

obtained by me in the performance of my duties.

_____
Jonathan Hill

_3/29/07_
Dated





IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL MILLER, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *    C.A. No. 06-534 MPT |
| ARAMARK HEALTHCARE SUPPORT | * |
| SERVICES, INC., a domestic corporation, and | * |
| ARAMARK CLINICAL TECHNOLOGY | * |
| SERVICES, INC., a domestic corporation, and | * |
| ARAMARK MANAGEMENT SERVICES | * |
| LIMITED PARTNERSHIP, | * |
| | * |
| Defendants. | * |

### NOTICE OF SERVICE

I, Christopher A. Selzer, hereby certify that I caused to be served a true and correct copy

of the Defendants' Objections and Responses to Plaintiff's Third Set of Interrogatories via first

class mail, on this 4th day of April, 2007, on:

> William D. Fletcher, Jr.
> Noel E. Primos
> SCHMITTINGER & RODRIGUEZ, P.A.
> 414 South State Street
> P.O. Box 497
> Dover, DE 19901
>
> Attorneys for Plaintiff

> MCCARTER & ENGLISH, LLP
>
> /s/ Christopher A. Selzer
> Michael P. Kelly (D.E. Bar I.D. 2295)
> Christopher A. Selzer (D.E. Bar I.D. 4305)
> Citizens Bank Building
> 919 N. Market Street, 18th Floor
> Wilmington, DE 19801
> (302) 984-6300
>
> Attorneys for Defendant