

ATTORNEYS AT LAW

May 1, 2007

**VIA E-FILE AND HAND DELIVERY**

The Honorable Mary Pat Thynge
United States Magistrate Judge
United States District Court for the District of Delaware
844 N. King Street
4th Floor, Room 4209
Wilmington, DE 19801

Christopher A. Selzer
Associate
T. 302.984.6392
F. 302.984.0834
cselzer@mccarter.com

Re:  Daniel v. ARAMARK Healthcare Support Services Inc., et al.,
     C.A. No. 06-534 (MPT)

Dear Judge Thynge:

I write to provide Your Honor with information regarding Defendants' responses to Plaintiff's Fourth Set of Requests for the Production of Documents and Third Set of Interrogatories.

McCarter & English, LLP
Citizens Bank Building
919 N. Market Street -18th Floor
Wilmington, DE 19801
T. 302.984.6300
F. 302.984.6399
www.mccarter.com

**I.      Documents Already Within Plaintiff's Possession**

**A.      Work Orders And Inspection Forms Specifically Referenced in Plaintiff's Disciplinary Write-Ups**

In Request for Production Number 3, Plaintiff continues to seek "[a]ll work orders and initial inspections that are referenced in each disciplinary write-up for Plaintiff from January 1, 2005 through April 15, 2005." Defendants previously produced all of the work orders and inspection forms specifically referenced in Plaintiff's March 4, 2005 Coaching Discussion Form, March 24, 2005 Counseling Discussion Form, and April 5, 2005 Coaching Discussion Form. In addition, Defendants produced all of the work orders specifically identified in the April 15, 2005 memorandum from Jonathan Hill to Tom Cuthbertson and Tom Lodge regarding "Termination Discussion with Dan Miller." Defendants also produced all of the work orders that Plaintiff's counsel requested that were specifically referenced in the March 16, 2005 memorandum from Jonathan Hill to the File and Tom Cuthbertson regarding "Dan Miller and Documentation Issues." Upon further review of this March 16, 2005 memorandum, Defendants have discovered that it references one additional work order (#5895) that Plaintiff's counsel failed to request. Defendants will produce a copy of work order #5895 even though it was neither specifically requested nor referenced in any of Plaintiff's three Hourly Performance Plan Forms. Accordingly, this dispute is moot.

BALTIMORE

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

ME1 6353379v.1

The Honorable Mary Pat Thynge
May 1, 2007
Page 2

### B.    Clinical Engineering Technician Schedules

In Request for Production Number 5, Plaintiff seeks to obtain the "[s]chedules of Clinical Technician job assignments from July 1, 2004 through October 1, 2005 . . . ." Although Defendants believe that this information is not relevant, as a compromise, Defendants produced a copy of the "Technician Campus Assignments" prepared for 2005 (Bates-labeled A00975), which is the only responsive document in their possession, custody or control.

## II.    Overbroad Discovery Requests

Plaintiff continues to press Defendants to respond to discovery requests that are overbroad, and call for the production of information that is neither relevant to his individual claims nor likely to lead to the production of admissible evidence. Defendants continue to object to the following discovery requests on that basis: Interrogatory Number 2, and Requests for Production Numbers 2 and 7.

### A.    Discovery Request Relating to Plaintiff's Work Orders

In Request for Production Number 2, Plaintiff seeks the production of all work order requests, including initial inspections, repair orders, preventative maintenance inspections and on-call responses for Plaintiff from February 2, 2005 to April 15, 2005. This request is overbroad because it calls for Defendants to search through every work order request, initial inspection, repair order, preventative maintenance inspection and on-call response for all of the Clinical Engineering Technicians during this time period. Defendants' computer system is not designed such that Defendants can search through the records for a particular technician's name. Rather, Defendants must look through all of records for this time period in order to locate those on which Plaintiff worked. Additionally, after locating a work order entered for a particular piece of equipment during this time period, Defendants would then need to search through the hard copy file for that piece of equipment for the inspection forms by Plaintiff. Defendants only have one Front Line Supervisor who is responsible for the Bayhealth Account, which includes both the Milford Memorial Hospital and Kent General Hospital. By responding to Plaintiff's numerous and overbroad discovery requests, Jonathan Hill, the Front Line Supervisor, has already diverted significant time away from his work, and requiring him to search for all of the work order requests, initial inspections, repair orders, preventative maintenance inspections and on-call responses from this time period could further disrupt Defendants' operations for no legitimate purpose.

Furthermore, Defendants have already produced the work orders and inspection forms underlying Plaintiff's disciplinary actions and termination. Although Plaintiff's counsel contends that these additional records are "relevant to show, *inter alia*, the amount of work being required of Plaintiff during this time period", Plaintiff's counsel has also failed to demonstrate how these additional documents would support any

The Honorable Mary Pat Thynge
May 1, 2007
Page 3

of Plaintiff's claims in this action.  However, as previously explained, even assuming that such documents might be relevant, the burden to Defendants far outweighs whatever scant relevance such information allegedly possesses.  Accordingly, these documents are not properly discoverable under Federal Rule of Civil Procedure 26.

**B.    Discovery Requests Relating to John Ritterhoff's Preventative Maintenance Inspections**

In Interrogatory Number 2 and Request for Production Number 7, Plaintiff demands the production of irrelevant documents and information regarding the preventative maintenance inspections performed by John Ritterhoff, another Clinical Engineering Technician.  Plaintiff has yet to establish that Mr. Ritterhoff has any connection whatsoever to this litigation.  To the extent that Plaintiff seeks to identify Mr. Ritterhoff as a comparator, Defendants have already provided Plaintiff with far more information than is relevant.  Specifically, Defendants have already produced information regarding John Ritterhoff's date of birth; a copy of the job description issued to John Ritterhoff, dated August 12, 2004; a copy of John Ritterhoff's Competency Assessment, dated January 25, 2005 and April 23, 2005; Mr. Ritterhoff's performance evaluation, dated November 11, 2004; Mr. Ritterhoff's performance evaluation, dated March 31, 2004; and a Memorandum from Jonathan Hill to Mr. Ritterhoff, dated February 5, 2005, re. "Competency Remediation Letter." Defendants also indicated in their responses to Plaintiff's Second Request for Production of Documents that they do not have any write-ups or warnings in their possession, custody or control for Mr. Ritterhoff for incomplete paperwork. Defendants also produced documents for other members of the Clinical Engineering Department who were disciplined in 2004 or 2005 for incomplete or inaccurate paperwork.

Furthermore, as previously explained with respect to Request for Production Number 2, these requests are also overbroad because they call for Defendants to search through every preventative maintenance inspection performed by all of the technicians from February 2, 2005 to April 15, 2005 in order to locate any preventative maintenance inspections that Mr. Ritterhoff may have performed during this time period.  As there is no record evidence in this action that Mr. Ritterhoff's preventative maintenance inspections have any bearing whatsoever on Plaintiff's claims, even a narrower request of this nature would be improper.  These discovery requests appear to be calculated to serve no purpose other than to harass Defendants and disrupt their operations for no legitimate purpose.  The burden of locating these documents far outweighs whatever limited relevance such documents allegedly possess, and therefore, these documents are not properly discoverable under Federal Rule of Civil Procedure 26.

The Honorable Mary Pat Thynge
May 1, 2007
Page 4


**III.    Discovery Request for Paid Time Off Requests**

In Request for Production Number 1, Plaintiff seeks to obtain the Paid Time Off
("PTO") requests for all Clinical Engineering Technicians from June 1, 2004 to April
15, 2005.  In their April 30, 2007 letter to the Court, Plaintiff's counsel indicate their
intent to limit this request to "information regarding the PTO requests that were
denied."  Defendants do not have any denied PTO requests in their possession,
custody or control.  When a technician requested a day off that Mr. Hill could not
approve, he returned the request to the technician and did not keep a copy of it.
The technician either submitted a new request or had a conversation with Mr. Hill
about the request.

Furthermore, the PTO requests for other technicians are not relevant to Plaintiff's
claims.  Plaintiff has not alleged, nor could he allege that he was discriminatorily
denied time off because Plaintiff conceded during his deposition that Mr.
Cuthbertson ultimately granted his request for time off to attend his doctor's
appointment in April of 2005.  Thus, PTO requests for the other technicians are not
relevant to Plaintiff's claims.  Nor has Plaintiff proffered any reason to believe that
PTO requests would lead to the discovery of admissible evidence.  PTO requests
for the other technicians, therefore, are not properly discoverable under Federal
Rule of Civil Procedure 26.

Thank you for your consideration and attention to this matter.  We look forward to
talking with Your Honor on May 2, 2007 to discuss these issues.

Respectfully,

/s/ Christopher A. Selzer

Christopher A. Selzer
(DE Bar ID #4305)

cc:    William D. Fletcher, Jr., Esq. (via e-file)
       Noel E. Primos, Esq. (via e-file)
       Michael P. Kelly, Esq.
       William J. Delany, Esq.
       Anne E. Martinez, Esq.

ME1 6353379v.1