LAW OFFICES
## SCHMITTINGER AND RODRIGUEZ, P.A.
414 SOUTH STATE STREET
POST OFFICE BOX 497
DOVER, DELAWARE 19901
TELEPHONE 302-674-0140
FAX 302-674-1830

NICHOLAS H. RODRIGUEZ
PAUL H. BOSWELL
JOHN J. SCHMITTINGER
DOUGLAS B. CATTS
WILLIAM D. FLETCHER, JR.
CRAIG T. ELIASSEN
WILLIAM W. PEPPER SR.
CRYSTAL L. CAREY*
SCOTT E. CHAMBERS*
FRED A. TOWNSEND III
NOEL E. PRIMOS
DAVID A. BOSWELL
WALT F. SCHMITTINGER
R. SCOTT KAPPES
JEFFREY J. CLARK
BETH B. MILLER
KYLE KEMMER
KATHRYN J. GARRISON
ERIN K. FITZGERALD
RYAN C. MEADOWS
B. BRIAN BRITTINGHAM

*ALSO ADMITTED IN MARYLAND

HAROLD SCHMITTINGER
OF COUNSEL

NEWARK OFFICE
CHRISTIANA EXECUTIVE CAMPUS
220 CONTINENTAL DRIVE, STE 203
NEWARK, DELAWARE 19713
TELEPHONE 302-894-1960
FAX 302-894-1965

REHOBOTH BEACH OFFICE
WACHOVIA BANK BUILDING
18489 COASTAL HIGHWAY, 2ND FLR
REHOBOTH BEACH, DELAWARE 19971
TELEPHONE 302-227-1400
FAX 302-645-1843

ODESSA OFFICE
ODESSA PROFESSIONAL PARK
POST OFFICE BOX 626
ODESSA, DELAWARE 19730
TELEPHONE 302-378-1697
FAX 302-378-1659

August 8, 2007

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, DE 19801

***VIA ELECTRONIC FILING***

RE:  Miller v. Aramark Healthcare Support Services, Inc., et al.
     C.A. No.: 06-534 (MPT)

Dear Magistrate Judge Thynge:

Plaintiff has requested a teleconference with you regarding a discovery dispute in the above-referenced matter. The teleconference has been scheduled for Thursday, August 16, 2007, at 4:30 p.m. This is Plaintiff's submission regarding the dispute.

The Court held teleconferences with counsel on May 2, June 13, and June 26, 2007, regarding certain document production requested by Plaintiff. The Court resolved this dispute by ordering the production of certain documents by Defendants. Defendants have complied with the Court's orders, and this discovery dispute does not concern the production of those documents.

At the June 26, teleconference, counsel for Defendants requested the opportunity to re-depose Plaintiff, and the Court responded that Defendants would be allowed to re-depose Plaintiff on the limited issue of Plaintiff's understanding of the documents recently produced by Defendants. See transcript of June 26, teleconference at 34 (copy attached hereto as Exhibit "A").

August 8, 2007
Page 2


Defendants' counsel have now contacted Plaintiff's counsel to schedule the limited re-deposition of Plaintiff. Counsel are working on finalizing that re-deposition.[1] Plaintiff's counsel have also indicated to Defendants' counsel that, in fairness, Plaintiff's counsel should be allowed to re-depose Jonathan Hill, Plaintiff's former supervisor, regarding the same limited issue of Mr. Hill's knowledge of the recently produced documents. Defendants' counsel has refused to allow the re-deposition of Mr. Hill. This, then, is the discovery dispute now being presented to Your Honor, i.e., whether Plaintiff should be given the opportunity to re-depose Mr. Jonathan Hill on the limited issue of Mr. Hill's knowledge of the documents recently produced by Defendants pursuant to the Court's orders of June 13 and 26, 2007.

The Court determined on June 26, that it was only fair to allow the limited re-deposition of Plaintiff by Defendants. Plaintiff does not disagree with this ruling. However, by the same measure of fairness, Plaintiff should be allowed to re-depose Mr. Hill on the same limited issue. As the Court is aware, during the June 26, teleconference, Mr. Hill spoke extensively - but **not** under oath - regarding the documents at issue. Defendants relied exclusively upon Mr. Hill's knowledge of the documents in developing their position regarding the documents and production thereof.

Accordingly, Plaintiff respectfully requests that he be allowed to re-depose Jonathan Hill on the limited issues referenced *supra*.

Very truly yours,

WILLIAM D. FLETCHER, JR.


NOEL E. PRIMOS

Attachment

cc: William J. Delany, Esq. (via electronic service)
    Michael P. Kelly, Esq. (via electronic service)

---

[1] One of the difficulties in scheduling that re-deposition is that Plaintiff has recently begun new employment, and it is therefore difficult for him to secure time off from work. However, Plaintiff's re-deposition should be completed no later than early September.

# EXHIBIT A

```
 1              IN THE UNITED STATES DISTRICT COURT

 2             IN AND FOR THE DISTRICT OF DELAWARE

 3                          - - -
    DANIEL MILLER,
 4                                   :    CIVIL ACTION
              Plaintiff,             :
 5                                   :
              v.                     :
 6                                   :
    ARAMARK HEALTHCARE SUPPORT       :
 7  SERVICES INC., a domestic        :
    Corporation; ARAMARK CLINICAL    :
 8  TECHNOLOGY SERVICES INC., a      :
    domestic corporation; and        :
 9  ARAMARK MANAGEMENT SERVICES      :
    LIMITED PARTNERSHIP,             :
10                                   :    NO. 06-534 (MPT)
              Defendants.
11                          - - -

12                     Wilmington, Delaware
              Tuesday, June 26, 2007 at 8:33 a.m.
13                     TELEPHONE CONFERENCE

14                          - - -

15  BEFORE:   HONORABLE MARY PAT THYNGE, U.S. MAGISTRATE

16                          - - -
    APPEARANCES:
17
              SCHMITTINGER & RODRIGUEZ, P.A.
18            BY:  NOEL E. PRIMOS, ESQ.
                   (Dover, Delaware)
19
                       Counsel for Plaintiff
20
              MORGAN, LEWIS & BOCKIUS, LLP
21            BY:  WILLIAM J. DELANY, ESQ., and
                   ANNE E. MARTINEZ, ESQ.
22                 (Philadelphia, Pennsylvania)

23                     Counsel for Defendants

24
                              Brian P. Gaffigan
25                            Registered Merit Reporter
```

1    he is aware that the two of them were on a similar tract for
2    the March time period.
3              MR. DELANY:  Your Honor?
4              THE COURT:  Yes.
5              MR. DELANY:  Your Honor, this is Will Delany.
6    Obviously, I made my arguments.  I don't want to belabor
7    the points but the only thing I would ask is this issue is
8    raising its head now at the end of the litigation.
9              THE COURT:  Sure.
10             MR. DELANY:  I think I should have the
11   opportunity to redepose the plaintiff.
12             THE COURT:  Oh, I think you will be given the
13   opportunity.
14             MR. DELANY:  Okay.
15             THE COURT:  You will be given the opportunity
16   because that will test his understanding of what the
17   documents mean.
18             MR. DELANY:  Thank you, Your Honor.
19             THE COURT:  And I will allow that, but it would
20   be a limited discovery in that regard.  It's not to reopen
21   other avenues of discovery but this particular issue.
22             MR. DELANY:  Understood.
23             THE COURT:  So I'm going to be ordering it just
24   to cover bases from, it's going to be nine days from March
25   23rd through March 31st.