IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIEL MILLER, | * | C.A. No. 06-534-MPT |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| ARAMARK HEALTHCARE SUPPORT | * | |
| SERVICES, INC., ARAMARK CLINICAL | * | |
| TECHNOLOGY SERVICES, INC., and | * | |
| ARAMARK MANAGEMENT SERVICES | * | |
| LIMITED PARTNERSHIP, | * | |
| | * | |
| Defendants. | * | |

STATE OF DELAWARE      *
                        *
COUNTY OF KENT          *

**AFFIDAVIT OF GREGORY WILSON**

COMES NOW, Gregory Wilson, who being of sound mind, doth depose and say as follows:

1.   I was employed by Defendant Aramark as a biomedical technician, or Clinical Engineering ("CE") Technician, at the Bayhealth Medical System campuses in Dover and Milford until I resigned in June 2005.   This was the same position held by Plaintiff Daniel Miller until his termination in April 2005.

2.   At the present time, I continue to work at the Bayhealth Medical Center campus in Dover, but I am employed directly by Bayhealth Medical System.

3.   I believe that, during the period of time that Jonathan Hill was supervising Mr. Miller, Mr. Hill was unfairly targeting Mr. Miller.

4.   During the period of his supervision of Mr. Miller, Mr. Hill would make comments referring to the employment environment

at Aramark, such as "Out with the weak, in with the strong," and "Only the strong survive."

    5.    The average age of the employees in the Department was ten to fifteen years younger than Mr. Miller.

    6.    The work of a CE Technician was highly technical, highly documented, and required creativity, which made it easy for Mr. Hill to criticize the work of those employees whom he wished to criticize.

    7.    During the period that he was supervised by Mr. Hill, Mr. Miller met all the job requirements of his position.

    8.    Mr. Hill targeted Mr. Miller for having incomplete and/or inaccurate documentation relating to inspections of incoming equipment, even though other people in the Department also had incomplete and/or inaccurate documentation.

    9.    The performance of another employee in the department, John Ritterhoff, was extremely deficient, including the following:

    (a)  His documentation was backed up for up to eighteen to twenty-four months;

    (b)  Mr. Ritterhoff frequently filled out documentation improperly and/or left documentation incomplete;

    (c)  Orders for equipment were fouled up due to Mr. Ritterhoff's incompetence;

    (d)  Mr. Ritterhoff's work area was always extremely messy, and this contributed to holding up the processing of documentation, as orders remained on Mr. Ritterhoff's desk for long periods of time.

10. Mr. Ritterhoff was an unmotivated and disorganized employee.

11. Mr. Miller completed his work, while Mr. Ritterhoff did not.

12. This deficient performance by Mr. Ritterhoff, including his deficient completion of documentation, continued throughout the period that I was employed simultaneously with Mr. Ritterhoff, and was still occurring when I resigned in June 2005.

13. Mr. Hill created new requirements to target or highlight certain people, and he specifically used these new requirements to put Mr. Miller in a bad light and Mr. Ritterhoff in a good light.

14. After Mr. Miller was fired, his replacement was Robert Kunzig, who was completely unqualified for the position and had no training or background for the position.

FURTHER AFFIANT SAITH NOT.

_____
GREGORY WILSON

SWORN TO AND SUBSCRIBED before me this _17th_ day of October, 2007.

_____
Notary Public
My commission

## CERTIFICATE OF SERVICE

I hereby certify that I have caused copies of the following:

### AFFIDAVIT OF GREGORY WILSON

to be served upon:

>       Michael P. Kelly, Esq.
>       Christopher A. Selzer, Esq.
>       McCarter & English, LLP
>       919 North Market Street, Suite #1800
>       P.O. Box 111
>       Wilmington, DE 19899

by e-filing copies to them at the address listed above, on
*October 22, 2004*.

                    SCHMITTINGER & RODRIGUEZ, P.A.

            BY:     _____
                    NOEL E. PRIMOS, ESQ.
                    Bar I.D. No. 3124
                    414 S. State Street
                    P.O. Box 497
                    Dover, DE 19903-0497
                    (302) 674-0140
                    Attorneys for Plaintiff

DATED: *10-22-07*
/ljo